U.S. DISTRICT COURT
WESTERN " OF NEW YORK        x
Troy McRae, pro-se,
           plaintiff,

CASE#: 17 CV 6775 FPG

HON.: _____

JURY TRIAL DEMANDED

-vs-
C.O. Horbet, C.O. T. Johnson,
Sergeant T. Lewalski, Deputy
Superintendent of Security ("DSS"),
C.O. Allen,
           defendants        x

This is a civil action, brought by an in-prisoner, pursuant to 42 U.S.C. §1983 (seeking redress for the deprivation under the color of state law (sexual assault, negligence, fabrication & deliberate indifference), in violation of plaintiff's 4th & 8th amendments of the U.S. constitution.

JURISDICTION

1. This court has " " over this case, pur. to 28 U.S.C. §1331 and 2201.

2. The court also has jurisdiction supplementally over plaintiff's state law torts, pur. to 28 U.S.C. §1367.

1.

3. This case arose in the Western District of N.Y., so, venue is proper under 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff, Troy McRae, was an inmate at the time of the incident, located at Wende Correctional Facility, P.O. Box 1187, Alden, N.Y., 14004-1187, but he no more is, and is now at Buffalo Federal Detention Facility, 4250 Federal Dr. Batavia, N.Y., 14020.

5. The defendants, C.O. Horbet, C.O. T. Johnson, C.O. Allen, Sgt. T. Lewalski, and D.S.S., are employees of NY State Docs, located at the former address above.

## FACTS

6. On June 6th, 2017, while at Wende awaiting a court hearing, and on keep-lock, C.O. T. Johnson let me out to go to chow, then, on my way back, I was approached in the block by C.O. Horbet, and told to put my hands on the wall. So, as I was leaned on the wall, and C.O. Horbet was

2.

putting me down, he deliberately started rubbing up and down my "ass-crack". I yelled at him like "what the fuck are you doing", while C.O. T. Johnson, Allen and Sgt. T. Lewalski, were all there looking on. Not one of these officers said anything to C.O. Herbert. This Sgt., then put me in the shower area, because I said I wanted to see "office of mental health" ("OMH"), and told me to shut my "fucking" mouth. The other officers also started making fun of me. I was seen by omh, and placed on suicide watch for my safety. When I returned to my proper jail, because I did not attend court, at Wende, I was taken to the "special housing unit" [SHU], because, a misbehavior report was issued by the Sgt., and co-signed by his officers, above, alleging: threats, violent conduct, disturbance, direct order, weapon, etc.

3.

while trying to defend against such frivolous charges, I filed a grievance, and it was forwarded back to Wende, which should not have happened. However, nothing was done, nor was any outside investigation conducted into these officers' misconduct.

### EXHAUSTION OF REMEDIES

7. Plaintiff did exhaust his ", but was unable to follow up, because he was released from jail.

### CAUSE OF ACTION

8. The actions of C.O. Horbet in using his hand to deliberately rub up and down my ass-crack, for no reason(s), was totally against his own departmental directives #5: 4010, et seq, 4028A et seq; correction law §137.5, sexual assault and abuse of authority, under the laws of NY State, thus, constituting a violation of my rights protected under the 4th amend. and the 8th amend. (cruel and unusual treatment).

9. the actions of Sgt. Lewalski, T. Johnson, and Allen in allowing C.O. Hribet to deliberately rub up and down my ass-crack, multiple times, then cursing and making fun of me, was totally against their own departmental directives #s: 4040, et. seq.; 4028A, et. seq.; correction law §137.5, deliberate negligence and abuse of authority, under the laws of NY state, thus, constituting a violation of my rights, as protected under the 4th amend., and the 8th amend., supra, of the U.S. Const.

10. The actions of Sgt. T. Lewalski, in issuing me a misbehavior report, and co-signed by the other officers, right after the incident, was purely a strategy to cover their devious actions, against their own departmental directives #s: 4040, correction law §137.5, fabrication and abuse of authority, under the laws of NY state, and, constituted a violation of my rights, as protected under the 8th amend. of the U.S.

5.

const. ( cruel and unusual treatment).

11. The actions of the D.S.S. in not forwarding my grievance to the "office of Special Investigation" [OSI], as required, was totally against his own departmental directives: s:s: 4044, et seq., 4028A, Correction Law §137.5, deliberate indifference, to my rights, under the laws of NY state, because he knew about my grievance through OMH, a brief interview I had with one of his lieutenant, and the forwarding by the D.S.S. of Greenhaven, thus, violating my rights, as well, as protected under the 4th & 5th amends. of the U.S. const.

<u>RELIEF REQUESTED</u>

WHEREFORE, plaintiff respectfully realleges and incorporates, by reference herein, paragraph line #5: 1-11, per to 42 USC §1983, be granted, as follows:

A. Declaring that plaintiff has

6.

satisfied the exhaustion requirement;

  B. Declaring that the actions of C.O. Herbet, against plaintiff was sexual assault, abuse of authority, his own departmental directives, correction laws, the laws of NY state, and the US const amends;

  C. Declaring that the actions of C.O. T. Johnson, Sgt. T. Lewalski, and C.O. Allen, were negligent and abuse of their authority, under the laws of NY state, against their own departmental directives #5:4040, 4028A, Correction law §137.5; when they allowed C.O. Herbet to deliberately sexually assaulted me, and then start cursing and making fun of me, thus, in violation of my constitutional rights, as well;

  D. Declaring that the actions of Sgt. Lewalski, in issuing me a misbehavior report, rights after the incident (next day) alleging charges of: weapons,

7.

direct order, threats, violent conduct, etc, when I should not have even been out of my cell, was against his own departmental directives #5:4040, correction laws, fabrication and abuse of his authority under the laws of NY state, and constituted a violation of my constitutional amend. rights.

    E. Declaring that the actions of the I.S.S. in not submitting my grievance, or whatever information he had to the OSI, knowing such actions was required, was contrary to his own departmental directives, corrections laws, policies, deliberate indifference to my rights, under the laws of NY state, and, constituted a violation of my rights, as protected under the U.S. const. amends.

    F. Awarding compensatory damages against C.O. Horbert in the sum of One hundred thousand dollars ($100,000.

8.

00"), for violating my rights, and causing me sufferings;

G. Awarding compensatory damages against C.O. T. Johnson, Allen, and Sgt. T. Lewalski for allowing their fellow officer to violate me, sexually, in the sum of seventy five thousand dollars ($75,000.00) Jointly and severally, and causing me sufferings;

H. Awarding compensatory damages against Sgt. Lewalski, in the sum of fifty thousand dollars ($50,000.00), for fabricating charges against me, and making me go to the Shu, knowing those weren't true, " for causing me sufferings;

I. Awarding compensatory damages against the D.S.S. in the sum of seventy five thousand dollars ($75,000.00), for not carrying out his job properly, and seeing that his officers be investigated and possibly be prosecuted for their misconducts;

9.

J. Awarding ~~compensatory~~ punitive damages against these defendants, for causing plaintiff psychological, emotional, and mental trauma; and,

For any other and further relief(s) as the court may deem just and proper.

WHEREFORE, plaintiff, was going to seek remedy of this matter, in the N.Y. State Supreme Court, Erie County. (See Index # I-2017-000138, Hon. Russell P. Buscaglia), but will withdraw instead.

Dated: Nov 6th, 2017
Batavia, NY
Respectfully Submitted
Roy McRae
Plaintiff, pro-se
A#: 446-109-695