PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TROY McRAE,

                                Plaintiff,                            Case # 17-CV-6775-FPG

     v.                                                           DECISION AND ORDER

C.O. HOBERT, et al.

                              Defendants.

_____

On May 17, 2018, the Court entered an Order granting *pro se* Plaintiff Troy McRae permission to proceed *in forma pauperis* and directing that, unless he filed an amended complaint, the Complaint would be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for its failure to state a claim upon which relief could be granted. ECF No. 3. On May 29, 2018, Plaintiff notified the Court that he wished to "administratively close" this action so that he could locate an attorney to assist him. ECF No. 4. Because an opposing party has not served an answer or moved for summary judgment, the Court interprets Plaintiff's submission as a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Accordingly, the Complaint is dismissed without prejudice and the Clerk of Court will close this case.

The Court warns Plaintiff, however, that the three-year limitations period applicable to this action, *see Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990), continues to apply and that if he does not re-file his Complaint as a new action within the limitations period his Complaint may be deemed time-barred. See *Jewell*, 917 F.2d at 741 (2d Cir. 1990) ("[A] dismissal of the action . . . would work a time-bar to reassertion of the § 1983 claim."); *accord*, *e.g., Bost v. FedEx*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of

1

limitations."); *Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004) ("[O]nce a suit is dismissed, even without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'") (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)).

Accordingly, the Complaint is dismissed without prejudice and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 5, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court